UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　　　　　　　Plaintiff<br><br>　v.<br><br>MARITZA,<br><br>　　　　　　　　　　Defendant | Case No. 3:22-cv-00056-RCJ-CSD<br><br>**ORDER** |

**I.　　DISCUSSION**

On March 3, 2022, this Court ordered Plaintiff to file a <u>fully complete</u> application to proceed *in forma pauperis* ("IFP application") or pay the full $402 filing fee for a civil action on or before March 21, 2022. (ECF No. 3 at 2). The Court specifically noted that Plaintiff's application to proceed *in forma pauperis* was not complete because had not submitted an inmate account statement for the previous six-month period. (*Id.* at 1.)

On February 8, 2022, February 28, 2022, March 14, 2022, March 30, 2022, and April 26, 2022, Plaintiff filed five incomplete IFP applications. (ECF Nos. 4, 6, 7, 8, 10). Plaintiff has not submitted an <u>inmate account statement for the previous six-month period</u> with any of his newly filed IFP application documents. The Plaintiff is advised that a Financial Certificate (page 4 of this Court's application) and an inmate account statement for the previous six-month period are <u>two separate</u> documents, and the Court requires both to consider his IFP application fully complete.

Because it appears that an extension of the initial deadline and another court order are meaningful alternatives to dismissal here, the Court will grant Plaintiff **one final opportunity** to submit an <u>inmate account statement for the previous six-month period</u> to the Court on or before **June 4, 2022**. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (providing that "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives").

Plaintiff has also filed a motion entitled "Preemptory Challenge of Judge." (ECF No. 9 at 1.) The motion is filed on a standard Nevada State Court form and cites to Nevada State Supreme Court Rule 48.1. (*Id.*) The motion refers to the undersigned as the currently assigned judge. (*Id.*) The Court liberally construes this as a motion to have a new Magistrate Judge assigned pursuant to 28 U.S.C. § 144.

Under 28 U.S.C. § 144, a party may file an affidavit asking that a new judge be assigned on the grounds that the assigned judge "has a personal bias or prejudice either against him or in favor of any adverse party." Plaintiff did not provide such an affidavit or provide any explanation of the basis for his request that a new Magistrate Judge be assigned to this case. As such, the motion is denied.

## II.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's incomplete applications to proceed *in forma pauperis* (ECF Nos. 4, 6, 7, 8, 10) are DENIED without prejudice.

IT IS ORDERED that on or before **June 4, 2022**, Plaintiff shall either: (1) file a fully complete IFP application, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $402 fee for filing a civil action (which includes the $350 filing fee and the $52 administrative fee).

IT IS FURTHER ORDERED that, if Plaintiff does not timely comply with this order, this case will be subject to dismissal without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is able to submit a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee for a civil action.

IT IS FURTHER ORDERED that the Court construes Plaintiff's "Preemptory Challenge of Judge" (ECF No. 9) as a motion requesting that a new Magistrate Judge be assigned to this case pursuant to 28 U.S.C. § 144. The motion is DENIED.

DATED THIS  4th  day of May 2022.

_____
UNITED STATES MAGISTRATE JUDGE